The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Douglas E. Berger, and on the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the Opinion and Award.
************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing on 22 January 1996 and in a PreTrial Agreement which is incorporated herein by reference:
STIPULATIONS
1. As aforementioned. all stipulations contained in the Pre-Trial Agreement are incorporated herein by reference.
2. Medical records from Dr. Huberman marked exhibit (I) stipulated were received into evidence. (fifteen pages)
3. Medical records from Dr. Hardy marked exhibit (2) stipulated were received into evidence. (nineteen pages)
4. Medical records from Dr. Scontas marked as exhibit (3) stipulated were received into evidence. (thirty-two pages)
5. Medical records from Kasselt Bone and Joint Center marked as exhibit (4) stipulated were received into evidence. (two pages)
***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On 30 October 1994, plaintiff was operating a machine for the defendant employer when a machine belt broke and wrapped around plaintiff's left leg.
2. As a result of the 30 October 1994 work-related incident, plaintiff sustained a left leg peroneal nerve palsy.
3. The breakdown of the machine belt that wrapped around plaintiff's left leg constitutes an interruption of her regular work routine and the introduction thereby of unusual circumstances likely to result in unexpected consequences.
4. Plaintiff has been evaluated by three orthopedic surgeons, one neurologist and one neurosurgeon. None of these physicians have recommended surgery.
5. Plaintiff was authorized to obtain a second opinion and receive treatment from Dr. Cooper, an orthopedic surgeon. Dr. Cooper referred plaintiff to be treated by Dr. Huberman, a neurologist. Dr. Huberman referred plaintiff to Dr. Scontas, a neurologist who in turn referred to Dr. Hardy, a neurosurgeon.
6. Plaintiff has reached maximum medical improvement with regard to the left leg peroneal palsy sustained as a result of the 30 October 1994 work-related incident.
7. There is a lack of convincing evidence that authorization permitting plaintiff to be treated by another unidentified physician is required as being reasonably related to the left leg palsy sustained by plaintiff as a result of the 30 October 1994 work related incident.
***********
Based upon the foregoing findings of fact, the Full Commission makes the following:
CONCLUSIONS OF LAW
1. On 30 October 1994, plaintiff sustained a compensable injury by accident, a left leg palsy, arising out of and in the course of her employment With the defendant employer when a machine belt broke and wrapped around plaintiff's left leg. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff has failed to prove by the greater weight of the evidence that authorization permitting her to be treated by another unidentified physician is required as being reasonably related to the left leg palsy sustained by plaintiff as a result of the 30 October 1994 work-related incident. N.C. Gen. Stat. § 97-25.
Based upon the foregoing findings of fact and conclusions of law the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's request to be given authorization by the Industrial Commission to see another physician is DENIED.
2. Plaintiff's claim for permanent partial disability compensation, if any, is HEREBY RESERVED.
3. Each side shall pay its own costs.
 S/ ___________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _____________________ BERNADINE S. BALLANCE COMMISSIONER
S/ _____________________ LAURA KRANIFELD MAVRETIC COMMISSIONER